# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL BOSTON, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 12-1400-LPS |
| | : | |
| G.R. JOHNSON, Warden, and | : | |
| ATTORNEY GENERAL OF THE | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| Respondents. | : | |

Michael Boston. *Pro se* Petitioner.

Gregory E. Smith, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware.  Attorney for Respondents.

## MEMORANDUM OPINION

March 31, 2017
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I.     INTRODUCTION

Petitioner Michael Boston ("Petitioner") filed an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition"). (D.I. 3)  For the reasons discussed, the Court will dismiss the Petition as time-barred by the limitations period prescribed in 28 U.S.C. § 2244.

## II.    BACKGROUND

In March 1991, four armed men, later identified as Petitioner, Hubert Pope, William Francis, and Edward Punnette, robbed the Wilmington Trust Company branch at Union Street in Wilmington, Delaware. *See Pope v. State*, 632 A.2d 73, 75 (Del. 1993).  The four men left the bank in a van, with Wilmington Police Officers Thomas Spell and Chris Danese in pursuit.  The officers directed the van to stop, but it accelerated and a chase began.  Officers Spell and Danese were fired upon through the shattered rear window of the van, but were not hit by any bullets (the "first shoot-out").  That portion of the chase ended when the van drove through a red traffic light and struck a car (the "collision"), injuring two civilian occupants. *Id.*

After the collision, the four men continued their flight on foot, and additional gunfire followed (the "second shoot-out"). *See Pope*, 632 A.2d at 75.  Two officers who had joined the pursuit, Christine Dunning and Thomas Monahan, were each shot in the leg.  The police captured Petitioner, Punnette, and Francis at the scene of the second shoot-out, but Pope escaped.  After his arrest, Francis gave a statement to the police.  He identified Petitioner as the driver of the van and Pope as the fourth robber. *Id.*

In March, 1991, a federal grand jury indicted Petitioner on the following charges: conspiracy to commit bank robbery; bank robbery; two firearms offenses; and an unregistered firearms offense. (D.I. 11 at 2 n.4)  On September 4, 1991, Petitioner pled guilty in this Court to

all charges, and the Honorable Joseph J. Farnan, Jr. sentenced him to a total of twenty years and one month of imprisonment. (D.I. 3 at 25-27) He was incarcerated in a federal prison located in Pennsylvania until September 2008. (D.I. 3 at 13-14, 38)

Meanwhile, on July 22, 1991, a New Castle County grand jury indicted Petitioner on the following charges: attempted first degree murder; eight counts of possession of a deadly weapon during the commission of a felony ("PDWDCF"); first degree reckless endangering; first degree conspiracy; second degree murder; possession of a destructive weapon; and two counts of second degree assault. (D.I. 11 at 2) The Delaware Superior Court dismissed the murder charge upon Petitioner's motion. *State v. Boston*, 1992 WL 91173 (Del. Super. Ct. Apr. 16, 1992). In July 1992, a Delaware Superior Court jury convicted Petitioner of first degree attempted assault (as a lesser included offense of attempted murder), four counts of PDWDCF, second degree conspiracy (as a lesser-included offense of first degree conspiracy), possession of a destructive weapon, and two counts of third degree assault (as lesser-included offenses of second degree assault). (D.I. 11 at 3) The Superior Court sentenced Petitioner to a total of thirty years of imprisonment (D.I. 11 at 3), and the Delaware Supreme Court affirmed Petitioner's convictions on October 20, 1993. *See Boston v. State*, 633 A.2d 368 (Table), 1993 WL 476390 (Del. Oct. 20, 1993).

On February 17, 2005, Petitioner filed in the Delaware Superior Court a motion for sentence modification, which the Superior Court denied as time-barred on March 3, 2005. (D.I. 13, Del. Super. Ct. Crim. Dkt. Entry Nos. 47, 48) Petitioner was returned to Delaware from federal custody on September 11, 2008, and he began serving his Delaware sentence in the Sussex Correctional Institution in Georgetown, Delaware. (D.I. 3 at 14) On June 10, 2010,

Petitioner filed in the Delaware Superior Court a motion for postconviction relief pursuant to

Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court denied the

Rule 61 motion as meritless on December 3, 2010, and the Delaware Supreme Court affirmed

that decision on August 23, 2012. *See Boston v. State*, 53 A.3d 301 (Table), 2012 WL 3641297

(Del. Aug. 23, 2012).

Acting *pro se*, Petitioner filed the instant § 2254 Petition in 2012. (D.I. 1) The Petition

originally asserted four grounds for relief, but Petitioner subsequently filed, and the Court

granted, a motion to dismiss grounds three and four. (D.I. 15; D.I. 18) Consequently, the

Petition asserts the following two grounds for relief: (1) the multiple state and federal

punishments that were imposed for Petitioner's commission of a single criminal act violate the

Double Jeopardy Clause; and (2) defense counsel rendered constitutionally ineffective assistance

by failing to raise the Double Jeopardy issue. (D.I. 3 at 16-24) The State filed an Answer,

asserting that the Petition should be dismissed as time-barred or, alternatively, because the

claims asserted therein are procedurally barred or meritless. (D.I. 11)

## III.    STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into

law by the President on April 23, 1996. 28 U.S.C. § 2244(d)(1). AEDPA prescribes a one-year

period of limitations for the filing of habeas petitions by state prisoners, which begins to run

from the latest of:

> (A) the date on which the judgment became final by the conclusion
> of direct review or the expiration of the time for seeking such
> review;
>
> (B) the date on which the impediment to filing an application
> created by State action in violation of the Constitution or laws of

3

the United States is removed, if the applicant was prevented from
filing by such State action;

(C) the date on which the constitutional right asserted was initially
recognized by the Supreme Court, if the right has been newly
recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims
presented could have been discovered through the exercise of due
diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling.

*See Holland v. Florida*, 560 U.S. 631, 645 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2)

(statutory tolling).

## IV.    DISCUSSION

Petitioner's § 2254 Petition, filed in 2012, is subject to the one-year limitations period

contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Petitioner does not

allege, and the Court cannot discern, any facts triggering the application of

§ 2244(d)(1)(B), (C), or (D). Given these circumstances, the one-year period of limitations

period began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does

not seek certiorari review, the judgment of conviction becomes final ninety days after the state

appellate court's decision. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999);

*Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, Petitioner's judgment of conviction

became final on January 29, 1994, ninety days after the Delaware Supreme Court's October 20,

1993 decision affirming his convictions and sentences. However, because Petitioner's

conviction became final prior to AEDPA's effective date of April 24, 1996, he benefits from a

one-year grace period for timely filing habeas petitions, thereby extending the filing period

through April 23, 1997.[1] *See McAleese v. Brennan*, 483 F.3d 206, 213 (3d Cir. 2007); *Douglas*

*v. Horn*, 359 F.3d 257, 261 (3d Cir. 2004). Thus, Petitioner had until April 23, 1997 to timely

file his Petition.

Petitioner waited until October 31, 2012[1] to file the instant Petition, more than fifteen

years after the expiration of the limitations period. Therefore, his habeas Petition is untimely,

unless the limitations period can be statutorily or equitably tolled. *See Jones,* 195 F.3d at 158.

The Court will discuss each doctrine in turn.

**A. Statutory Tolling**

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's

limitations period during the time the action is pending in the state courts, including any post-

conviction appeals, provided that the motion was filed and pending before the expiration of

AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000); *Price*

*v. Taylor*, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). Here, Petitioner's motion for

modification of sentence and his Rule 61 motion have no statutory tolling effect, because they

---

[1]Many federal circuit courts have held that the one-year grace period for petitioners whose
convictions became final prior to the enactment of AEDPA ends on April 24, 1997, not April 23,
1997. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (collecting cases).
Although the Third Circuit has noted that "[a]rguably we should have used April 24, 1997, rather
than April 23, 1997, as the cut-off date," *Douglas*, 359 F.3d at 261 n.5 (citing Fed.R.Civ.P. 6(d)),
it appears that April 23, 1997 is still the relevant cut-off date in this circuit. In the present
situation, however, Petitioner filed his petition well-past either cut-off date, rendering the one-
day difference immaterial.

[2]Pursuant to the prison mailbox rule, the Court adopts the date on the Petition (October 31, 2012)
as the date of filing. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003).

were filed in 2005 and in 2010, long after AEDPA's limitations period had already expired.  As

such, the Petition is time-barred, unless equitable tolling is applicable.

### B.  Equitable Tolling

AEDPA's limitations period may be tolled for equitable reasons in appropriate cases.

*Holland*, 560 U.S. at 645.  A petitioner can only qualify for equitable tolling by demonstrating

"(1) that he has been pursuing his rights diligently, **and** (2) some extraordinary circumstance

stood in his way and prevented timely filing;"[2] mere excusable neglect is insufficient.  *See*

*Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004).  Consistent with these principles, the Third

Circuit has specifically limited the equitable tolling of AEDPA's limitations period to the

following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
>
> (2) where the plaintiff was in some extraordinary way prevented
> from asserting his rights; or
>
> (3) where the plaintiff timely asserted his rights mistakenly in the
> wrong forum.

*See Jones,* 195 F.3d at 159; *Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28,

2001).

Petitioner appears to assert that the limitations period should be equitably tolled through

September 11, 2008, the date on which he returned to Delaware from a federal prison in

Pennsylvania to begin serving his Delaware sentence.  He contends that he was unable to exhaust

state remedies in Delaware while he was incarcerated in the federal prison because he did not

---

[2]*Holland*, 560 U.S. at 649.

have access to the Delaware Rules and did not know what additional state post-conviction relief was available. (D.I. 3 at 14) The Court is not persuaded by this argument. First, Petitioner does not assert that he requested, but was denied, any Delaware legal materials. Second, considering that the claims in his Petition assert violations of federal constitutional principles, Petitioner cannot demonstrate a causal relationship between his alleged lack of Delaware legal materials and his failure to comply with the limitations period applicable to federal habeas petitions. Finally, in 2005, three years before returning to prison in Delaware, Petitioner filed a motion for sentence modification in the Delaware Superior Court. This action clearly refutes Petitioner's contention that being in federal custody somehow impeded his ability to pursue relief in the Delaware State Courts. Given all of these circumstances, Petitioner has failed to demonstrate that his federal custody amounts to an extraordinary circumstance for equitable tolling purposes.

Petitioner also attempts to trigger equitable tolling by alleging he is actually innocent of the Delaware crimes because the federal offenses for which he was convicted were premised on the same conduct. The argument is unavailing. In *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013), the Supreme Court held that a credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period. However, the *McQuiggin* Court cautioned that "tenable actual-innocence gateway pleas are rare," and a petitioner only meets the threshold requirement by "persuad[ing] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 1928. An actual innocence claim must be based on "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness

accounts, or critical physical evidence [] that was not presented at trial." *Schlup v. Delo*, 513

U.S. 298, 324 (1995).

Petitioner's contention that he is "actually innocent" of the Delaware offenses for which

he was convicted, because those offenses were based upon the same conduct leading to his

federal prosecution and conviction, is merely a "recasting" of his argument in Claim One that the

successive federal and state prosecutions violated his right to be protected against double

jeopardy.[3] More significantly, however, Petitioner's "actual innocence" argument does not

warrant equitable tolling because it does not assert or constitute "new" reliable **factual** evidence

of his actual innocence for the purposes of the *Schlup* standard.[4]

Finally, to the extent Petitioner's untimely filing of the Petition was due to a lack of legal

knowledge or the result of a miscalculation regarding the one-year filing period, such factors do

not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at

\*5-6 (D. Del. May 14, 2004).

For all of these reasons, the Court concludes that the equitable tolling doctrine does not

apply in this case. Accordingly, the Court will dismiss the Petition as untimely.[5]

---

[3]This double jeopardy argument is also rendered meritless by the Dual Sovereignty Doctrine. *See United States v. Piekarsky*, 687 F.3d 134, 149 (3d Cir. 2012) ("[U]nder the doctrine of Dual Sovereignty, a state prosecution does not bar a subsequent federal prosecution for the same conduct, [because] the states and the federal government are separate sovereigns, with distinct interests in criminalizing and prosecuting certain conduct.").

[4]Indeed, the fact that Petitioner admitted his conduct and pled guilty in this Court to participating in the bank robbery precludes Petitioner from satisfying the *Schlup* standard, especially since he does not challenge the validity of his federal guilty plea.

[5]Having determined that the Petition is time-barred, the Court will not address the State's other reasons for dismissal.

8

## V.     CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether

to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2).  A

federal court denying a habeas petition on procedural grounds without reaching the underlying

constitutional claims is not required to issue a certificate of appealability unless the petitioner

demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid

claim of the denial of a constitutional right; and (2) whether the court was correct in its

procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that Petitioner's habeas Petition does not warrant relief because

it is time-barred.  Reasonable jurists would not find this conclusion to be debatable.

Accordingly, the Court declines to issue a certificate of appealability.

## VI.    CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus

Pursuant To 28 U.S.C. § 2254 is **DENIED**.  An appropriate Order will be entered.

9